United States District Court
District of Massachusetts

```
_____
                               )
MARK AUSTIN GILDAY,            )
        Petitioner,            )
                               )
        v.                     )   Civil Action No.
                               )   06-11441-NMG
LUIS S. SPENCER,               )
        Respondent.            )
_____)
```

MEMORANDUM & ORDER

**GORTON, J.**

Petitioner Mark Gilday ("Gilday") has moved for a certificate of appealability ("COA") so that he may appeal this Court's December, 2009 Memorandum and Order ("the December M&O") 1) denying his motion for reconsideration, 2) overruling his objections to Magistrate Judge Sorokin's Report and Recommendation ("R&R") to dismiss his 28 U.S.C. § 2254 petition and 3) reaffirming the Court's previous order accepting and adopting the R&R.

## I.  Background

The background of this case is set out in greater detail in the December, 2009 M&O and in an October 9, 2008 ruling but it is summarized briefly here. In 2000, Gilday was indicted for rape of a child (for forcing the victim to perform oral sex on him), indecent assault and battery on a child (based upon touching the victim's vagina outside her clothes) and assault and battery by

means of a dangerous weapon (based upon burning the victim with a cigarette). He was acquitted of the latter two offenses but was convicted of indecent assault and battery, a lesser-included offense under the rape indictment. The judge instructed the jury that it could convict on the lesser-included offense if it concluded that Gilday's penis had not physically penetrated into the victim's mouth but that she had nonetheless touched his penis. He was sentenced to a term of seven to nine years in prison with credit for time served.

Gilday subsequently appealed, arguing that there was insufficient evidence to sustain his conviction. The Massachusetts Appeals Court ("MAC") disagreed but supported its decision by referring to conduct for which Gilday had been acquitted: the alleged touching of the victim's vagina. Gilday sought further appellate review in the Supreme Judicial Court ("SJC") but his application was denied.

Gilday then filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. After briefing on the merits of Gilday's claim, Magistrate Judge Sorokin issued a R&R recommending dismissal of the petition. The R&R stated that, although the court disagreed with the MAC's reasoning to the extent that its affirmation was based upon evidence related to the charge of touching the victim's vagina, it "resolutely" agreed with the MAC's conclusion that there was sufficient

evidence to uphold the conviction of indecent assault and battery. After allowing Gilday to file late objections, this Court overruled those objections and accepted and adopted the R&R's recommendation on December 8, 2009.

On January 7, 2010 Gilday filed the present motion for a COA pursuant to 28 U.S.C. § 2253.[1]

## II. Analysis

### A. Legal Standard

A habeas petitioner may not appeal the final order of a district court unless the district court issues a COA. 28 U.S.C. § 2253(c)(1). Further, "[i]f the district court denies a certificate of appealability, it must state the reasons why the certificate should not issue." 1st Cir. L.R. 22.1(a).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make such a showing, the petitioner must prove

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted). Where a court has

---

[1] Also pending is Gilday's February, 2010 motion to expedite a ruling on the COA.

rejected a constitutional habeas claim on the merits, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**B.   Application**

Apparently, Gilday moves for a COA on the following grounds: 1) Magistrate Judge Sorokin only considered granting relief pursuant to 28 U.S.C. § 2254(d)(1) and did not consider § 2254(d)(2), 2) Magistrate Judge Sorokin relied upon evidence that the MAC found to be "beside the point" in sustaining the conviction, 3) Magistrate Judge Sorokin ignored Gilday's Due Process claim and 4) this Court refused to consider all of Gilday's objections to the R&R.  Each contention is considered in turn.

First, Gilday faults Magistrate Judge Sorokin for "indefensibly" relying only on 28 U.S.C. § 2254(d)(1) and failing to consider relief available under § 2254(d)(2).  Gilday makes this argument, however, for the first time in his motion and the First Circuit has held (albeit with respect to the predecessor form of application) that a petitioner "may not raise new issues by means of a request for a certificate." Bowlen v. Scafati, 395 F.2d 692 (1st Cir. 1968).  See also Moore v. Dretke, 129 Fed. App'x 877 (5th Cir. 2005) (declining to consider claims raised

for the first time in a motion for a COA to the district court despite district court's allowance of the COA).  Indeed, the petitioner, not Magistrate Judge Sorokin, bears the burden of establishing his claim for relief.  E.g., Sanna v. Dipaolo, 265 F.3d 1, 7 (1st Cir. 2001).  The Court declines, therefore, to consider a COA on that basis.

The remaining grounds are equally unpersuasive.  Gilday's second argument is that Magistrate Judge Sorokin erred because he relied on the testimony of jailhouse informant Grant Morse ("Morse") even though the MAC had dismissed that testimony as beside the point.[2]  Although Gilday's argument is convoluted, he seems to assert that the R&R improperly assumed that the MAC would have found sufficient evidence to convict based upon Morse's uncorroborated testimony when, in fact, the MAC had actually dismissed such testimony as "beside the point".  Gilday's argument mischaracterizes the R&R and the MAC decision. The R&R did not sustain Gilday's conviction based only upon Morse's testimony.  Moreover, the MAC decision simply declined to rely on Morse's testimony, which is not the same, as Gilday appears to believe, as an affirmative finding that Morse's testimony was an improper basis for conviction or should be

---

[2] Morse testified that Gilday had confessed that the victim either kissed, licked or sucked the head of his penis and only the latter could support a rape charge based upon penetration into the victim's mouth.

entirely discredited. Gilday has, therefore, failed to establish that a COA should be allowed on that basis.

Gilday's final two grounds can be considered together because they address the same substantive issues. He contends that 1) Magistrate Judge Sorokin did not address his Due Process claims and 2) this Court applied too harsh a standard in not fully considering his objections to the R&R given his pro se status. Although the Court is skeptical that the latter contention, if factual, constitutes a substantial showing of the denial of a constitutional right, it 1) affirms that it did, in fact, carefully consider each of Gilday's objections and 2) addresses briefly why none of the federal constitutional issues presented in Gilday's previously-considered objections (which include his Due Process claims) warrant the granting of a COA.

Gilday's substantive claims are reduced to two assertions: 1) the MAC violated principles of collateral estoppel and double jeopardy, thereby violating his Due Process rights, by referring to conduct for which he had been acquitted in affirming his conviction and 2) there was, in fact, insufficient evidence to affirm his conviction because the only evidence on the record capable of supporting the lesser-included offense of indecent assault and battery was Morse's testimony about his confession which was uncorroborated.

The latter argument is one that Gilday has repeated at every

level of appeal.  His fundamental view of the case seems to be that:

1) the victim testified that his penis penetrated her mouth (which would constitute rape) and that he touched her vagina outside her clothes and burned her with a cigarette,

2) because he was acquitted on the rape charge and on the assault and battery charges based upon the alleged touching and burning, the victim's testimony must have been disbelieved by the jury and cannot be considered on appeal,

3) the only evidence available to uphold the lesser-included charge of indecent assault and battery was, therefore, Morse's testimony and

4) an uncorroborated confession such as the one he made to Morse is insufficient to sustain the conviction.

Gilday's view is mistaken, as numerous courts have concluded in upholding his conviction.  Specifically, his acquittal on the rape charge does not imply that the jury did not believe that the victim's testimony corroborated that of Morse or that the jury discredited all of the victim's testimony.  Instead, it is reasonable to conclude that the Commonwealth did not prove beyond a reasonable doubt that Gilday's penis penetrated the victim's mouth but did prove that her mouth touched his genitals, thereby constituting the lesser-included offense of indecent assault and battery.  Thus, a COA will not be granted with respect to that issue.

Concerning Gilday's Due Process claim rooted in double jeopardy and/or collateral estoppel, he cites, in his objections

to the R&R, numerous cases. Those cases purportedly stand for the proposition that a court of appeals cannot revise the basis for a conviction just because the same result would be likely on a retrial and cannot affirm a judgment based upon evidence or theories not presented to the jury. That proposition is irrelevant here, however, because, as the R&R explains, the jury was instructed on all of the charges and upheld Gilday's conviction on a perfectly reasonable view of the evidence such as that just described. On habeas review, "it is the strength of the state court's ultimate conclusion, rather than its announced rationale, that must be evaluated." Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002). As the R&R recorded, the MAC's conclusion was well-founded and this Court, therefore, finds Gilday's motion for a COA on those grounds unpersuasive.

### ORDER

In accordance with the foregoing,

1) petitioner's motion for a certificate of appealability (Docket No. 87) is **DENIED;** and

2) petitioner's motion to expedite ruling on his motion for a COA (Docket No. 94) is **DENIED** as moot.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 24, 2010